THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVELL COLEMAN, Appellant. [5 NYS3d 379]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered May 8, 2012, as amended May 10, 2012, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously modified, on the law, to the extent of reducing the amounts of the mandatory surcharge and crime victim assistance fee from $300 and $25 to $150 and $5, respectively, and otherwise affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence warrants the conclusion that the crime to which defendant confessed was the same crime with which he was charged. Defendant entered a police station and volunteered that he had shot a stranger, many years before, during a robbery attempt. The police matched the details that defendant provided with the facts of an unsolved 1993 homicide. The facts set forth in defendant's confession and the known facts of the crime, as

established at trial, matched in many significant respects, and the strong similarity established defendant's identity as the perpetrator of this particular crime. The discrepancies between the two sets of facts were relatively minor and did not cast doubt on this conclusion.

Defendant did not preserve his claim that the court failed to give an adequate jury instruction on the subject of identity, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The court's charge clearly conveyed the People's burden of proving, beyond a reasonable doubt, that it was defendant who committed the acts at issue. Since there were no identifying eyewitnesses, there was no need for an expanded identification charge.

Since defendant committed the crime before the effective date of legislation increasing the mandatory surcharge and crime victim assistance fees, his sentence is unlawful to the extent indicated. Concur—Acosta, J.P., Andrias, Saxe, De-Grasse and Richter, JJ.